NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

SIGVALD HAALAND, PETITIONER, v. LARSEN BAKING
COMPANY, RESPONDENT.

Decided November 18th, 1938.

For the petitioner, *Jack Prizzia.*

For the respondent, *Clarence B. Tippett.*

\*　　\*　　\*　　\*　　\*　　\*　　\*

The claim of the petitioner herein, and amended during trial, was that while employed as a salesman for the respondent, going from house to house on his route about every five or ten minutes during the day he was obliged to yell up dumbwaiters and up windows, and as a result of this he lost the use of his voice. He stated this condition materialized in 1937 and that he lost his voice in July, 1937, and stopped work about October 15th, 1937. A consideration of his testimony during direct and upon cross-examination shows that he had worked several years previous to July, 1937, for this company and doing about the same type of work; that he had noticed a hoarseness in his throat or voice coming on some considerable time before he lost the use of his voice in July, 1937. He continued his work after July, 1937, until about October 15th, 1937, and in the meantime he had recurrent recovery as well as loss of voice.

He visited certain doctors who appeared to have attributed his loss of voice to the nature of his work.

I have also considered the testimony of the medical witness produced by the petitioner and it was his opinion, following his examination November 9th, 1938, and his consideration of a hypothetical question covering the history in the case, that his condition could be caused by constant use of his voice. The fact that the man smoked at least one pack of cigarettes each day could not be entirely eliminated as a possible cause for partial loss of use of voice.

It is my opinion, after considering all of the testimony, that the condition suffered by this petitioner is occupational in nature, not accidental within the meaning of the statute, and not compensable. The petition is dismissed, and judgment found for the respondent.

\*    \*    \*    \*    \*    \*    \*

JOHN C. WEGNER,
*Deputy Commissioner.*